ELLIS, Judge:
This is a suit by Vermeer Sales and Service, Inc., of Texas against Electrical Systems and Service, Inc., for the purchase price of a trencher and backhoe which plaintiff allegedly sold to defendant. After trial on the merits, judgment was rendered dismissing plaintiff’s suit, and plaintiff has appealed.
Electrical Systems and Service, Inc., is a Louisiana corporation. Paul Hudson is its president and James B. Raub is its vice president and secretary. In September, 1976, Don Plessala, an employee of Electrical, called Vermeer to inquire about renting a trencher, and was advised that Vermeer did not have such machines to rent but did have them for sale. Shortly thereafter, Conrad J. D’Arensbourg, a salesman for Vermeer, brought a unit to Morgan City to demonstrate it.
Over the next several days, the machine was demonstrated, and there were discussions relative to the purchase thereof. According to Mr. Hudson and Mr. Raub, they planned to purchase the machine for themselves personally and not for the corporation. They testified that they told Mr. D’Arensbourg that they would have to finance the purchase price, but that they anticipated no difficulty in doing so. After there was agreement as to the price, Mr. D’Arensbourg requested some evidence that the deal was complete and was given a check on Electrical for the full amount of the purchase price. This phase of the transaction took place on September 16, 1976, but the check given was dated September 22, 1976.
Mr. D’Arensbourg testified that he did not notice that the check was postdated, but that he had agreed to hold it for a couple of days while a transfer of funds was made to the proper account by Electrical. Mr. Hudson and Mr. Raub both testified that they gave the check only as evidence of the fact that an agreement had been reached, and that Mr. D’Arensbourg was aware that their financing was not complete and that the check was not to be deposited.
Mr. Hudson and Mr. Raub also stated that, although the unit was to be in their names, or in the name of a new corporation, they intended that the initial sale be to Electrical in order to postpone their sales tax liability.
After the check was given, Mr. Hudson and Mr. Raub found that they could not get the necessary financing, and called Mr. D’Arensbourg to so advise him, and tell him the deal was off. This took place on September 24, 1976, according to Mr. D’Arens-bourg’s testimony. Mr. D’Arensbourg immediately attempted to cash or have certified the check but payment was stopped.
All invoices in the record indicate that the sale was made to Electrical and the check given was on the Electrical account. It was contemplated by all parties that the sale from Vermeer would, in fact, be made to Electrical. On the other hand, the testimony of the bank officer with whom the loan negotiations were carried on is to the effect that the loan was to be made to Mr. Hudson and Mr. Raub individually.
In ruling for defendants, the trial judge said:
“The important fact remains that from the time of the execution of the check and prior to the date of the cheek, an attempt was made or was actually completed to notify the plaintiff that the transaction was off. This negatived whatever implied consent may have been given by the execution of the post-dated check, as the consent was withdrawn pri- or to the stated date on the check.
“Because of this, it follows that the necessary conclusion is that no binding contract was entered into between the plaintiff and the defendant. Therefore, there should be judgment accordingly.”
Of course, the testimony in the record shows that Mr. Hudson did not advise Mr. D’Arensbourg that the deal was off until two days after the date on the check.
*307 Mr. D’Arensbourg testified that he thought he was doing business with Electrical throughout the entire transaction. Mr. Hudson and Mr. Raub stated that it was understood at all times that they were the real purchasers of the unit.
Since the reasons for judgment are based on a finding of fact which is clearly wrong, we are unable to accord the usual dignity to the findings of the trial judge. Our own examination of the record leads us to the belief that there was every reason for plaintiffs salesman to believe that the sale was complete when he was handed the check. He had been consulted first by an employee of Electrical, and all negotiations were conducted by officials of Electrical. The invoice was made out to Electrical and he was paid with a check drawn on Electrical. He was aware that financing was not complete, but we do not believe that the record reflects that he was told that the completion of financing was a suspensive condition of the sale. In fact, he was told that financing would not be a problem. It is true that he was given a postdated check, but no attempt was made to call off the sale until two days after the date of the check.
There can be no doubt that, on the face of this transaction, it was a completed sale. There was agreement as to the price and thing, delivery of the thing was made and the price paid. Articles 2439, 2456, Civil Code. Defendant bears the burden of proving its defense that completion of financing was a condition of the sale, and we find that it has failed to do so. In fact, the record shows that there were sufficient funds in the corporate account to pay the check when it was presented, and only a verbal stop order prevented its payment.
The judgment appealed from is therefore reversed and there will be judgment herein in favor of Vermeer Sales and Service, Inc., of Texas and against Electrical Systems and Service, Inc., for $23,950.00 together with legal interest from March 16, 1977, until paid, and all costs of these proceedings.
REVERSED AND RENDERED.